IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID EHRLICH, | : |
| Plaintiff | : |
| v. | : Case No. 1:21-CV-01020 |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS

Plaintiff David Ehrlich (and more precisely, his undersigned counsel), hereby requests a stay of all proceedings in this matter. Specifically, counsel requests a stay of at least 60 days in light of Plaintiff's recent death. In support hereof, undersigned counsel states the following:

1. On or about November 11, 2021, David Ehrlich commenced this action by filing a Complaint [Docket Entry #. 1].

2. On or about January 12, 2022, Defendant, the United States of America, with Plaintiff's consent, requested an extension of time to answer or otherwise move with respect to Plaintiff's Complaint [Docket Entry #. 7].

3. On or about January 13, 2022, the Court granted Defendant's Unopposed Motion for Extension of Time [Text Order dated January 13, 2022].

4. On or about March 3, 2022, Defendant filed an Answer and Counterclaim [Docket Entry # 8].

5. On or about March 22, 2022, Plaintiff filed a Consent Motion for a 30-day Extension of Time in Which to Respond to Defendant's Counterclaim [Docket Entry # 10].

6. On or about March 23, 2022, via Text Order, the Court granted Plaintiff's request for an Extension of Time and extended the deadline for Plaintiff to respond to Defendant's Counterclaim to April 22, 2022.

7. On or about April 22, 2022 Plaintiff filed a Consent Motion for an additional Extension of Time in Which to Respond to Defendant's Counterclaim and request for Status Conference [Docket Entry # 11].

8. On or about May 2, 2022, this Court, via Text Order, granted Plaintiff's Motion for Extension of Time to file an answer/response to Defendant's Counterclaim. In addition, the Court set a telephone status hearing for May 11, 2022.

9. On or about May 11, 2022, the Court presided over the scheduled telephone status hearing. During that status hearing, undersigned counsel explained to the Court that Mr. Ehrlich had recently become gravely ill and, consequently, could not assist counsel in the progress of the matter. At the time, undersigned counsel requested that the matter be stayed. In response, counsel for Defendant professed a willingness to stay discovery as to Mr. Ehrlich, Abbey Art Consultants, Inc. (the entity involved in the litigation), as well as Mr. Ehrlich's family members, and another entity, Help for Orphans; however, Defendant desired so issue deposition subpoenas for records to third parties. At that time, undersigned counsel agreed to Defendant's proposal.

10. On or about May 31, 2022, the Court entered an Agreed Order granting Defendant's oral motion to commence third-party discovery. A copy of this Court's Order is attached hereto as Exhibit A.[1]

---

[1] To the extent granting the requested motion to stay conflicts with the Court's May 31, 2022 Order, counsel essentially requests reconsideration of that Order.

11. After securing additional extensions of time, on or about September 16, 2022, Plaintiff answered Defendant's Counterclaim [Docket Entry # 19].

12. On or about September 30, 2022, the parties submitted a Rule 26 Discovery Report. [Docket Entry # 20].

13. After the Court issued its May 31, 2022 Order, the United States did in fact commence third-party discovery. Specifically, the United States issued subpoenas for documents and to depose various third-party witnesses.[2]

14. On Saturday, October 22, 2022, Plaintiff David Ehrlich passed away.

15. In light of Mr. Ehrlich's death, until an Estate representative is appointed, undesigned counsel has no "client" with whom to consult or from whom to take direction.[3]

16. For the above reasons, it is requested that all proceedings, including third-party discovery, be stayed pending appointment of an Estate representative.

17. The Court should know that based on undersigned counsel's continuing assessment of the merits of this matter, even though Defendant bears the burden of proof, because Mr. Ehrlich is not available to aggressively prosecute his position, counsel expects he will recommend to the representative of Mr. Ehrlich's Estate that the Estate abandon this litigation and seek voluntary dismissal.

---

[2] Defendant has issued more than 10 subpoenas to third parties either seeking documents and/or oral testimony.

[3] Even though Mr. Ehrlich had been gravely ill as reported earlier, his wife, Sarah Ehrlich, had a Power of Attorney authorizing her to direct counsel concerning how to proceed. However, as with all powers of attorney, the Power of Attorney granted to Sarah Ehrlich does not survive Mr. Ehrlich's death. Consequently, at the moment, there is no one to speak for David Ehrlich's estate concerning matters associated with this case. Additionally, because of some uncertainty about whether there exists more than one Will subject to probate, it is unclear who may be appointed as Executor/Representative of Mr. Ehrlich's Estate.

18. In light of the likelihood that Plaintiff's Estate will abandon this matter, it makes little sense to proceed with any additional litigation concerning this matter, including third-party discovery. In fact, given the likelihood that this matter will be discontinued by Mr. Ehrlich's Estate, a stay serves judicial economy, as well as potential Estate assets that might be required for litigation expenses.

19. Counsel for the parties have consulted regarding this Motion. Even though there exists a significant likelihood that this matter ultimately will be abandoned by Mr. Ehrlich's Estate once an Executor is appointed, counsel for Defendant wants to proceed with third-party depositions. Counsel for the parties do agree the Court should conduct a telephonic conference/hearing to discuss this Motion and how to best proceed in light of Mr. Ehrlich's death.

WHEREFORE, for all the above reasons, it is respectfully requested that the Court conduct a telephonic conference/hearing and thereafter stay this matter in all respects for 45 days. The Court should also direct undersigned counsel to report to the Court in 45 days or sooner the status of Mr. Ehrlich's Estate.

Respectfully submitted:

SAXTON & STUMP

Dated: November 1, 2022       By:   /s/ Mark E. Cedrone
                                    MARK E. CEDRONE, ESQUIRE
                                    230 South Broad Street – Suite 1100
                                    Philadelphia, PA 19102
                                    (267) 665-2080
                                    mec@saxtonstump.com
                                    *Attorney for Plaintiff David Ehrlich*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served, via the Court's Electronic Case Filing ("ECF") System, this 1st day of November, 2022 upon all parties of record.

/s/ Mark E. Cedrone
MARK E. CEDRONE